IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLEY O'DONNELL, | : Civil No. 1:22-CV-1762 |
| Plaintiff, | : |
| v. | : (Chief Judge Brann) |
| WENDY NICHOLAS, et al., | : (Chief Magistrate Judge Bloom) |
| Defendants. | : |

REPORT AND RECOMMENDATION

I.   Statement of Facts and of the Case

This case is a prisoner civil rights action brought by the *pro se* prisoner-plaintiff, Kelley O'Donnell. (Doc. 1). O'Donnell, a state inmate in the Pennsylvania Department of Corrections, filed this action in November of 2022 against the defendants—various correctional and medical staff at the State Correctional Institution at Muncy ("SCI Muncy"). Since filing her initial complaint, O'Donnell has filed various amended complaints, the Second Amended Complaint being the operative pleading. (Doc. 69). O'Donnell's amended complaint encompasses allegations of physical and sexual abuse by correctional staff, inadequate mental health treatment, disability discrimination, and

unconstitutional conditions of confinement. (*See generally id.*). O'Donnell has also filed various motions to stay her case and appoint counsel on her behalf, while failing to respond to the pending dispositive motions filed by some of the defendants. (*See e.g.,* Docs. 75-77, 89-90, 93, 111, 119).

Now, O'Donnell has filed a letter with the Court conveying her intent to have this case dismissed. (Doc. 123). For the following reasons, we recommend that the Court grant the relief requested by O'Donnell and dismiss this case pursuant to Federal Rule of Civil Procedure 41.

II. Discussion

Rule 41(a) of the Federal Rules of Civil Procedure provides for voluntary dismissal of a civil action by the plaintiff:

(a) Voluntary Dismissal.

> *(1) By the Plaintiff.*
>
>> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; . . .

Fed. R. Civ. P. 41(a)(1)(A)(i).

In the instant matter, no summary judgment motion has been filed. Accordingly, the plaintiff should be permitted to voluntarily dismiss this case pursuant to Rule 41.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of September 2023.


　　　　　　　　　　　　　　*s/ Daryl F. Bloom*
　　　　　　　　　　　　　　Daryl F. Bloom
　　　　　　　　　　　　　　Chief United States Magistrate Judge